```
                   United States District Court
                     District of Connecticut

------------------------------x
                              :
MICHAEL PLUDE,                :
                              :
           Plaintiff,         :
                              :
v.                            :   CASE NO. 3:12CV69(AWT)
                              :
REBECCA ADAMS, DAVID L. GUAY, :
THOMAS REYNOLDS, JOHN T.      :
PETRILLO, JR., and STATE      :
BOARD OF ACCOUNTANCY,         :
                              :
           Defendants.        :
                              :
------------------------------x
```

### RULING ON DEFENDANT ADAMS'S MOTION TO DISMISS

The plaintiff, Michael Plude ("Plude"), has brought this action against Rebecca Adams ("Adams), David L. Guay ("Guay"), Thomas Reynolds ("Reynolds"), John T. Petrillo, Jr. and the State Board of Accountancy (the "SBOA").  With respect to Adams, Plude brings claims for malicious prosecution under 42 U.S.C. § 1983 and common law, a Fourteenth Amendment due process claim, and a common law defamation claim.  Adams has moved to dismiss the claims against her pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth below, the motion is being granted.

I.  FACTUAL ALLEGATIONS

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following

circumstances." Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997).

The SBOA, a regulatory agency established by the State of Connecticut, issues Connecticut Certified Public Accountant ("CPA") certificates and investigates and reviews complaints of violations of state law or regulations related to persons registered or certified by the SBOA. See Conn. Gen. Stat. §§ 20-280(c), (e). Pursuant to its investigatory powers, the SBOA may conduct hearings, issue subpoenas to compel the attendance of witnesses and the production of documents, invoke the aid of any court in the enforcement of its subpoenas and take testimony and receive evidence under oath. See Conn. Gen. Stat. §§ 20-280(b), (f).

The SBOA is comprised of nine volunteer members appointed by the Governor, and it can employ an executive director and other personnel necessary to perform the board's statutory duties. See Conn. Gen. Stat. §§ 20-280(a), (e). Defendant Reynolds was the SBOA Chairman and Defendant Guay was the Executive Director during the period relevant to the Complaint. The SBOA employed Adams as its staff attorney and general counsel during the period relevant to the Complaint. One of her responsibilities was to investigate complaints lodged against accountants in the State of Connecticut, to compile and present evidence to the SBOA in support of any charges against the

accountant in question and to recommend charges and/or disciplinary action with respect to licensed and/or registered CPAs.

On August 2008, two complainants associated with Pioneer Gas & Appliance Corporation filed a complaint regarding Plude with the SBOA. The complainants alleged that the plaintiff had engaged in the following acts of misconduct:

> a) he had placed himself on the payroll and health insurance plan of Pioneer Gas & Appliance Corporation without the knowledge, permission or consent of the owners and management of the company;
> b) he had donated company assets to third parties without the authorization or approval of the owners or management of Pioneer Gas & Appliance Corporation;
> c) he had failed to file a tax return on behalf of Pioneer Gas & Appliance Corporation in 2008.

Compl. ¶ 18.

Adams investigated the allegations made by the complainants, presented the results of her investigation to the SBOA, and informed the SBOA that the information she discovered in the course of her investigation warranted that Plude be charged with violations of the code of professional ethics for CPAs. On January 5, 2010, Adams requested that the SBOA summarily suspend Plude's license to practice as a CPA. The SBOA voted to table the question of immediate suspension. In July 2010, the SBOA filed formal charges against Plude, and the sanctions sought by the board included revocation of Plude's license as a CPA. On August 19, 2011, the SBOA dismissed the

charges against Plude.  The plaintiff alleges that the SBOA also voted to amend the January 5, 2010 public minutes to remove the information harmful to the reputation and professional standing of the plaintiff.  The plaintiff further alleges that the minutes have not been removed or updated.

Plude alleges that Adams misled the SBOA as to the scope and content of her investigation and ignored facts that undermined Adams's conclusion that the plaintiff had committed violations of the code of professional ethics.  The plaintiff also alleges that Adams made false statements to the SBOA regarding investigation of the plaintiff by the Internal Revenue Service and the Federal Bureau of Investigation, and regarding improprieties and conflicts of interests on the part of the plaintiff in his capacity as a board member of the Naugatuck Savings Bank.  In addition, Plude alleges that Adams delayed her investigation to cause him harm.

Furthermore, Plude alleges that Adams made defamatory statements to the Shelton Police Department, withheld exculpatory evidence and repeatedly contacted an Assistant United States Attorney in an attempt to have Plude prosecuted and convicted on felony charges.  Plude alleges these actions were motivated by malice arising out of his involvement in the federal investigation of Mark Lauretti, the Mayor of Shelton and a personal friend of Adams.

## II.  LEGAL STANDARD

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2d Cir. 1996).  On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings.  See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to

accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by

reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## III. DISCUSSION

### A. Section 1983 and Common Law Malicious Prosecution Claims

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002) (internal citations ommitted); Christman v. Kick, 342 F. Supp. 2d 82, 91 n.9 (D. Conn. 2004). "The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person—i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty." Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995). To show a violation of his Fourth Amendment rights, a Section 1983 plaintiff asserting a malicious prosecution claim "must…show some deprivation of liberty consistent with the concept of 'seizure.'" Id.; see also Rohman v. N.Y. City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000) (requiring "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights"). "This requirement is necessary to ensure that the § 1983 plaintiff has suffered a

-7-

harm of constitutional proportions—i.e., a harm cognizable under § 1983." Singer, 63 F.3d at 116.

"To prevail upon a malicious prosecution claim under Connecticut law, a plaintiff must prove the following elements: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." QSP, Inc. v. Aetna Casualty & Surety Co., 256 Conn. 343, 360 n. 16 (2001). To have initiated or procured a criminal proceeding a person must be "the determining factor in the officer's decision to commence the prosecution." Zenik v. O'Brien, 137 Conn. 592, 596 (1951).

As to the § 1983 claim, there is no allegation that the plaintiff ever suffered a deprivation of liberty consistent with a seizure. Nothing in the Complaint could support a conclusion that Plude was seized either by the Shelton Police Department or federal law enforcement officials.

The plaintiff also fails to plead facts that could establish the elements of a malicious prosecution claim under state law. Plude alleges that Adams inserted herself in the Shelton Police Department's criminal investigation of Plude by making defamatory statements with the purpose of assuring that

Plude was prosecuted and convicted. Plude also alleges that Adams caused Plude to be investigated by the Department of Justice by making repeated contact with an Assistant United States Attorney who was conducting a grand jury investigation of Mayor Mark Lauretti and others in the Town of Shelton.[1]

However, as to the Shelton Police Department investigation, the plaintiff fails to plead facts that could show that Adams was the determining factor in the officer's decision to commence the prosecution of Plude for health insurance fraud. Also, as to the contact with a federal prosecutor, the Department of Justice never brought charges against Plude, and the grand jury did not indict him. Rather, the Complaint merely alleges that the Department of Justice investigated the plaintiff. Thus, the plaintiff fails to allege facts that could establish the first element of a malicious prosecution claim under state law.

Therefore, both the federal and state malicious prosecution claims should be dismissed.

B.  **Fourteenth Amendment Due Process Claim**

For the plaintiff "to establish a procedural due process violation, [he] must: (1) identify a property right, (2) establish that governmental action with respect to that property

---

[1] The charges initiated by Adams before the SBOA could not support a claim for malicious prosecution because Plude was subject only to civil, not criminal, liability.

right amounted to a deprivation, and (3) demonstrate that the deprivation occurred without due process." Rosa R. v. Connelly, 889 F.2d 435, 438 (2d Cir. 1989). "In this context, it is well-settled that the court should examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon the deprivation were constitutionally sufficient." Parsons v. Pond, 126 F. Supp. 2d 205, 214-15 (D. Conn. 2000) (quoting Vlamonte v. Bane, 18 F.3d 992, 998 (2d Cir. 1994)) (internal quotation marks omitted).

Plude does not identify any protected property or liberty interest and does not allege that the SBOA ever interfered with a protected liberty or property interest as the result of Adams's actions. The SBOA neither revoked nor suspended his CPA license. In fact, the SBOA dropped all charges against Plude in August 2011.

In opposition to a motion to dismiss filed by other defendants in this case, Plude argues that he is alleging with respect to the SBOA a violation of his due process liberty interest and asserting a "stigma plus" claim. See Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005) ("A § 1983 liberty interest claim…[is] commonly referred to as a 'stigma plus' claim."). However, he makes no such argument as to Adams.

Therefore, the Fourteenth Amendment due process claim should be dismissed.

### C. Defamation

Plude also brings a common law claim of defamation against Adams. Adams argues that the claim is time-barred because the latest date the Complaint alleges Adams made any type of statement to the SBOA is January 5, 2010. Plude does not dispute this point. Also, the Complaint alleges that Adams made defamatory statements to the Shelton Police Department. The Complaint does not provide a date for the statements. However, the plaintiff alleges that they led to his arrest, and the arrest warrant for the plaintiff was issued on January 16, 2009.

Under Conn. Gen. Stat. § 52-597, "[n]o action for libel or slander shall be brought within two years from the date of the act complained of." The Complaint was filed on January 13, 2012, well past two years after any statements were made to the Shelton Police Department, and at least eight days after the statute of limitations ran with respect to any statements to the SBOA. Therefore, any common law defamation claim against Adams is time-barred and should be dismissed.

### IV. CONCLUSION

Accordingly, for the reasons set forth above, Defendant Adams's Motion to Dismiss (Doc. No. 26) is hereby GRANTED. All claims against Adams are dismissed.

Case 3:12-cv-00069-AWT Document 45 Filed 03/11/13 Page 12 of 12

It is so ordered.

Signed this 11th day of March, 2013 at Hartford, Connecticut.

```
            _____/s/_____
                  Alvin W. Thompson
              United States District Judge
```