```
                    United States District Court
                       District of Connecticut

------------------------------x
                              :
MICHAEL PLUDE,                :
                              :
          Plaintiff,          :
                              :
v.                            :    CASE NO. 3:12CV69(AWT)
                              :
REBECCA ADAMS, DAVID L. GUAY, :
THOMAS REYNOLDS, JOHN T.      :
PETRILLO, JR., and STATE      :
BOARD OF ACCOUNTANCY.         :
                              :
          Defendants.         :
                              :
------------------------------x
```

**ORDER RE MOTION TO DISMISS BY GUAY, REYNOLDS AND SBOA**

For the reasons set forth below, Defendants' Motion to Dismiss (Doc. No. 27) filed by defendants David L. Guay ("Guay"), Thomas Reynolds ("Reynolds") and the State Board of Accountancy (the "SBOA") is hereby GRANTED.

The factual allegations in the Complaint and the applicable legal standard are set forth in the Ruling on Defendant Adams's Motion to Dismiss (Doc. No. 45). They are incorporated by reference.

**I. Guay**

Plude brings § 1983 and common law malicious prosecution claims against Guay, the SBOA's Executive Director. "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights

-1-

under the Fourth Amendment and establish the elements of a malicious prosecution claim under state law." Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002) (internal citations ommitted); Christman v. Kick, 342 F. Supp. 2d 82, 91 n.9 (D. Conn. 2004). "The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person—i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty." Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995). To show a violation of his Fourth Amendment rights, a Section 1983 plaintiff asserting a malicious prosecution claim "must…show some deprivation of liberty consistent with the concept of 'seizure.'" Id.; see also Rohman v. N.Y. City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000) (requiring "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights"). "This requirement is necessary to ensure that the § 1983 plaintiff has suffered a harm of constitutional proportions—i.e., a harm cognizable under § 1983." Singer, 63 F.3d at 116.

"To prevail upon a malicious prosecution claim under Connecticut law, a plaintiff must prove the following elements: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings terminated in favor of the plaintiff; (3) the

defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." QSP, Inc. v. Aetna Casualty & Surety Co., 256 Conn. 343, 360 n. 16 (2001).

As to the § 1983 claim, there is no allegation that Plude ever suffered a deprivation of liberty consistent with a seizure.  Nothing in the Complaint can support a conclusion that Plude was seized in connection with the proceedings before the SBOA.

The plaintiff also fails to plead facts that could establish the elements of a malicious prosecution claim under state law. Plude fails to identify any action Guay took to initiate or procure the initiation of criminal proceedings against him.  Rather, the allegations in the Complaint make it clear that an administrative proceeding was instituted against Plude by the SBOA based on Guay's decision.

Therefore, the court concludes that the plaintiff has failed to state a malicious prosecution claim against Guay under either § 1983 or Connecticut law, and the Complaint should be dismissed as to this defendant.

## II. Reynolds

The plaintiff brings a common law claim for defamation against Reynolds.  Plude alleges that Reynolds is the Chairman of the SBOA and has responsibility for ensuring that the

information posted on the agency's website is accurate. He alleges that the SBOA published minutes of the January 5, 2010 meeting, reflecting the action taken against him, and posted those minutes on its public website. He contends that "[i]n its minutes, it referred to the plaintiff as a threat to the public's fiscal health, fiscal safety, and fiscal welfare." Pl.'s Resp. at 10-11. Plude further alleges that the SBOA voted to amend the minutes posted on the website to remove the material that was injurious to his reputation but that Reynolds has refused to remove the original posting.

In Butz v. Economou, the Supreme Court recognized that "there are some officials whose special functions require a full exemption for liability," including certain "quasi-judicial" agency officials who, irrespective of their title, perform functions essentially similar to those of judges or prosecutors, in a setting similar to that of a court  438 U.S. 478, 508, 511-512 (1978). The Court concluded that "the risk of an unconstitutional act by one presiding at an agency hearing is clearly outweighed by the importance of preserving the independent judgment of these men and women" and that "persons subject to these restraints and performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts." Id. at 514. "Those who complain of error in such proceedings must

seek agency or judicial review." Id.  In addition, when a quasi-judicial function is being performed, absolute immunity extends to not only members of commissions and boards but also to their staff members.  See Bettencourt v. Bd. of Registration in Med. of Comm. of Mass., 904 F.2d 772, 784 (1st Cir. 1990) (absolute immunity barred claims against members of board of medical examiners and staff, including its legal adviser); Bass v. Attardi, 868 F.2d 45, 50-51 (3d Cir. 1989) (absolute immunity barred claims against municipal planning board members and the board's counsel in their individual capacities); Oliva v. Heller, 839 F.2d 37, 40 (2d Cir. 1988) (absolute immunity barred claims against law clerks who assisted judges in carrying out judicial functions).

In Rosa v. California, the court held that employees of state boards of accountancy are entitled to prosecutorial immunity because "these defendants were behaving as prosecutors in an adjudicative process."  2005 WL 1899515, at *6 (E.D. Cal. Aug. 5, 2005), aff'd, 259 F. App'x 918 (9th Cir. 2007).  The court found that "all of the allegations of misconduct plaintiffs make against the agents and employees of the Attorney General's office involve actions undertaken in connection with the prosecution of plaintiff and the eventual revocation of his CPA license."  Id.  The court concluded that "the hearings before the CBA [California Board of Accountancy] and an

administrative law judge are, at a minimum, quasi-judicial" and that "the actions taken by the CBA, its agents and employees in revoking the plaintiff's license, and later denying his application for reinstatement, were closely associated with this process."  Id.

A review of the statutes creating and governing the SBOA shows that it is empowered to perform a quasi-judicial function.  The SBOA is empowered to "administer oaths, issue subpoenas, compel testimony and order the production of books, records and documents."  Conn Gen. Stat. § 20-280b(a).  If a party refuses to comply with such a request, the SBOA may seek an order from the Superior Court as required.  See id.  The SBOA is expressly empowered to assess civil penalties up to $50,000 for violations of general statutes or any regulations related to the profession of public accountancy.  See Conn. Gen. Stat. § 20-280b(b).  Finally, the procedural protections provided respondents include the opportunity for appeal.  See Conn. Gen. Stat. § 20-280b(a).  In fact, the plaintiff concedes that the SBOA is a "quasi-judicial authority with decision-making powers."  Pl.'s Resp. at 9.

In Rioux v. Barry, the Connecticut Supreme Court stated that "[w]e consistently have held that absolute immunity bars defamation claims that arise from statements made in the course of judicial or quasi-judicial hearings."  283 Conn. 338, 344-45

(2007).  Here, although Plude complains that Reynolds has not removed the original posting from the SBOA's website, his cause of action is for defamation.  The allegedly defamatory statements appear in the minutes of the January 5, 2010 hearing and thus reflect statements made during that hearing.  As such, the defamatory statements are ones that were made in the course of a quasi-judicial hearing and Plude's claim for defamation consequently arises from statements made in the course of a quasi-judicial hearing.  Therefore, it is barred by absolute immunity, for reasons explained in Rioux v. Barry.

### III.  The SBOA

The plaintiff brings claims against the SBOA for violations of his rights to procedural and substantive due process.

In his opposition to the motion to dismiss, Plude argues that he is alleging with respect to the SBOA a violation of his due process liberty interest and asserting a "stigma plus" claim.  See Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005).

To prevail on a "stigma plus" claim, a plaintiff must show "(1) the utterance of a statement about him or her sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false," and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." Doe v. Dep't of Pub. Safety ex rel. Lee, 271 F.3d 38, 47 (2d Cir. 2001) (citing Paul v.

Davis, 424 U.S. 693, 701-02, 710-11 (1976)), rev'd on other grounds sub nom. Conn. Dep't of Pub. Safety v. Doe, 538 U.S. 1, 6-7 (2003).  The state-imposed burden or alteration of status must be "in addition to the stigmatizing statement."  Id.  Thus, even where a plaintiff's allegations would be sufficient to demonstrate a government-imposed stigma, such defamation is not, absent more, a deprivation of a liberty or property interest protected by due process.  Siegert v. Gilley, 500 U.S. 226, 233 (1991); see also Morris v. Lindau, 196 F.3d 102, 114 (2d Cir. 1999) (defining "stigma plus" as the "loss of reputation coupled with some other tangible element" (internal quotation marks omitted)).  Moreover, "deleterious effects [flowing] directly from a sullied reputation," standing alone, does not constitute a "plus" under the "stigma plus" doctrine.  Valmonte v. Bane, 18 F.3d 992, 1001 (2d Cir. 1994).  The Second Circuit observed that:

> Because "[a] free-standing defamatory statement ... is not a constitutional deprivation," but is instead "properly viewed as a state tort of defamation," id. [Donato v. Plainview-Old Bethpage Cent. School Dist., 96 F.3d 623, 631-32 (2d Cir. 1996), the "plus" imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty-for example, the loss of employment, see, e.g., Siegert v. Gilley, 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (noting that "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation," and that absent a "plus," stigmatizing statements do not give rise to constitutional claims), or the "termination or alteration of some other legal right or status," Neu v. Corcoran, 869 F.2d 662, 667 (2d Cir. 1989).

Velez, 401 F.3d at 87-88.

Plude has failed to allege the additional state-imposed burden necessary to properly plead the "stigma plus" doctrine. The Complaint alleges only that the "plaintiff continues to suffer actual harm as a result of the minutes, which hold him out to be a danger to the public and a criminal." Compl. ¶ 42. These harms, however, are not "in addition to" the alleged defamation but rather are direct "deleterious effects" of that defamation. Plude does not allege that the SBOA either revoked or suspended his CPA license. Because Plude has not alleged a material state-imposed burden or state-imposed alteration of his status or rights, he has not alleged a "plus" sufficient to state a "stigma plus" claim.

Plude also advances what he concedes is a novel argument that the "plus" requirement is satisfied by "the loss of the tangible interest in legal fees necessary to secure the agreement to remove the material." Pl.'s Resp. at 13. The court finds this argument unpersuasive because it is not tied to a restriction on the plaintiff's liberty. See Neu v. Corcoran, 869 F.2d 662.

Finally, the plaintiff argues that if the court concludes that he has failed to allege a "stigma plus" procedural due process claim, his claim should be construed as a substantive

due process claim.  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  Albright v. Oliver, 510 U.S. 266, 272-73 (1994); see also Medeiros v. O'Connell, 150 F.3d 164 (2d Cir. 1998); Singer v. Fulton County Sherriff, 63 F.3d 110, 114 (2d Cir. 1995) (same). Motivating this principle is the rationale that "the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decision-making in this uncharted area are scarce and open-ended."  Singer, 63 F.3d at 115 (quoting Albright, 510 U.S. at 812).  Here, the plaintiffs' alleged substantive due process claim is merely duplicative of his procedural due process claim and properly analyzed as a "stigma plus" claim.

Therefore, the court concludes that the plaintiff has failed to state either a procedural due process claim or a substantive due process claim against the SBOA.

**IV.  CONCLUSION**

Accordingly, the court grants the Motion to Dismiss (Doc. No. 27) in relation to Guay, Reynolds and the SBOA.  All claims against these defendants are dismissed.

It is so ordered.

-11-

Signed this 11th day of March, 2013 at Hartford, Connecticut.

                                   _____/s/_____
                                        Alvin W. Thompson
                                  United States District Judge